✎ AO 472 (Rev. 12/03) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

| EASTERN | District of | MISSOURI |
|---|---|---|

UNITED STATES OF AMERICA

v.

BOBBY BARNES
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case    4:13MJ3127-5 FRB

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
  - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- ☒ (1) There is a serious risk that the defendant will not appear.
- ☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

See attached.

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☐ clear and convincing evidence ☐ a preponderance of the evidence that

See attached.

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| May 22, 2013 | *Frederick R. Buckles* |
|---|---|
| Date | Signature of Judge |
| | Frederick R. Buckles, United States Magistrate Judge |
| | Name and Title of Judge |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

U.S.A. v.  BOBBY BARNES                                    Page 2 of 3
Case Number 4:13MJ3127-5 FRB

     The information set out in the written report of the Pretrial Services Agency submitted to the court on May 20, 2013, is adopted herein.  The Pretrial Services Agency recommends that the defendant be detained without bail pending trial in this cause.

     The defendant is 23 years of age.  He resides with his mother and two siblings.  The defendant is not married.  He has one child, age 2.

     The defendant is not employed.  He currently receives disability benefits.  He is disabled on account of injuries received in a car accident in 2010.  The accident occurred as the defendant was fleeing from the police.  He completed the 9th grade in school.  He reports that he was expelled from school on account of offenses which resulted in his placement in a juvenile facility.

     The defendant admits to the use of marijuana.  In 2009 the defendant was convicted of possession of marijuana (misdemeanor) and was fined.

     In 2012 the defendant was convicted in the Circuit Court of St. Louis County, Missouri of the offenses Burglary Second Degree and Stealing Over $500.  Records of the Missouri Board of Probation and Parole relating to this offense show that on December 23, 2010, two individuals arrived at their residence and interrupted a burglary.  A white Monte Carlo was parked in their driveway occupied by one male and two males were seen leaving the residence. One of the males had a gun and pointed the weapon at the victims. The two males entered the Monte Carlo and drove away.  The victims called the police who pursued the Monte Carlo.  The pursuit ended when the Monte Carlo became involved in an auto accident.  One suspect fled from the  vehicle while the other two had to be removed from the scene and taken to the hospital.  One of the suspects was identified as Bobby Barnes.  Hospital personnel advised the police that a gun and jewelry was found inside of Barnes' pockets upon his arrival at the hospital.  Barnes arrived at the hospital unconscious and appeared to have significant injuries.  On January 9, 2011, a check of the gun taken from Barnes' person at the time of the accident revealed it belonged to the victim of the burglary.  Also in 2012 in the Circuit Court of St. Louis County, Missouri he was convicted in a separate case of the offenses of Burglary First Degree and Stealing.  Imposition of sentence was suspended in each case and the defendant was placed on 5 years probation.  He remains on probation at this time and was on probation at the time of the offense alleged in the pending complaint.

**U.S.A. v. BOBBY BARNES** **Page 3 of 3**
**Case Number 4:13MJ3127-5 FRB**

 The defendant is charged here with a violent crime in which it is alleged that he conspired to commit an armed robbery of persons he believed to be drug dealers. He has committed acts of violence in the past as set out above. He has been arrested for other violent acts for which he was not charged or convicted. This clearly demonstrates that the defendant is a danger to the community.

 The defendant likely faces a substantial sentence if convicted here. He also likely faces revocation of state probation and the service of state sentences on previous convictions. This provides incentive to flee.

 All of this leads the undersigned to conclude that there are no conditions or combination of conditions which will assure the appearance of the defendant or the safety of the community as required, and that the defendant should be detained without bail pending trial in this case.